IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRADY MORGAN** <br> 2911 W Clementine Street <br> Philadelphia, Pennsylvania 19132 <br><br> Plaintiff, <br><br> v. <br><br> **TEMPLE UNIVERSITY** <br> 3500 North Broad Street <br> Philadelphia, Pennsylvania 19140 <br><br> Defendant. | JURY TRIAL DEMANDED <br><br><br> CASE NO. |

## COMPLAINT

Plaintiff, Grady Morgan, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101 *et seq*., and the Pennsylvania Human Relations Act, have been violated and avers as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Grady Morgan (hereinafter ("Plaintiff") or ("Mr. Morgan")), is an adult individual residing in Philadelphia, Pennsylvania with a mailing address of 2911 W. Clementine Street, Philadelphia, Pennsylvania 19132.

2. Defendant, Temple University, (hereinafter ("Defendant")), is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a prinicpal place of business at 3500 North Broad Street, Philadelphia, Pennsylvania 19140.

3. At all times material hereto, Defendant employed Plaintiff at its 3500 North Broad Street, Philadelphia, Pennsylvania location as set forth above and qualified as Plaintiff's employer.

1

4. Defendant was Plaintiff's employer from August 10, 2013, until he was terminated on August 10, 2022.

5. At all times, Defendant met the definition of "employer" under the ADA.

6. At all times material hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

7. Plaintiff has exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission).

8. This action is instituted pursuant to the Americans with Disabilities Act and applicable federal and state law.

9. Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

10. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

11. The venue is properly laid in this district because the Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal conduct by the Defendant, as set forth herein.

## II. FACTS

12. In or around March of 2013, Temple University hired Mr. Grady Morgan as a part-time Violence Interrupter. Mr. Morgan performed all duties asked of him without any complaints or issues.

13. On or around August 9, 2021, Mr. Morgan was involved in a motor cycle accident. He broke both legs in the accident and was out on FMLA leave initially for twelve weeks. At the conclusion of his FMLA leave, Plaintiff remained unable to return to work so Defendant then provided him with a leave of absence from October 30, 2021, through February 28, 2022.

14. On February 16, 2022, Defendant sent Plaintiff correspondence advising him that he was expected to return to work on March 1, 2022.

15. Plainitff responded to Defendant that he was unable to return to work on March 1, 2022, so Defendant extended his leave of absence through April 14, 2022.

16. On April 5, 2022, Defendant sent Plaintiff correspondence advising him that he was expected to return to work on April 15, 2022.

17. Plainitff responded to Defendant that he was unable to return to work on April 15, 2022, so Defendant extended his leave of absence through July 31, 2022.

18. Mr. Morgan states that he was in touch with the Defendant after August 1, 2022, concerning his return to work status.

19. Mr. Morgan saw the Program Manager and supervisor, Robert Warner and Quinzel. weekly because the hospital that he was treating at was across the street from Temple University. When Mr. Morgan saw Robert and Quinzel he would updated them on his progress.

20. During one of these meetings, Mr. Morgan advised Robert and Quinzel that he was waiting for a follow up appointment with his doctor to be scheduled so that he could complete Defendant's paperwork that would allow him to return to work.

21. On August 10, 2022, Defendant sent Mr. Morgan a letter that it could not continue to hold his position and that he would be terminated on that same day.

22. When, Mr. Morgan received Defendant's letter, he contacted his supervisors Robert Warner and Quinzel and told them that he was waiting for a doctor's appointment, which was scheduled for the following week and that he would have his return to work note on this visit.

23. His supervisor Quinzel stated that he wasn't aware that Defendant had send such a letter to Mr. Morgan and then he would talk to HR.

24. HR and/or Cure Violence Staff contacted Mr. Morgan and told him to make sure that he got the paperwork in from his doctor and that they would fix everything.

25. Mr. Morgan submitted the paperwork to Defendant after his doctor's visit on August 15, 2022. The doctor's letter stated that he was fully cleared to return to work the following day.

26. Mr. Morgan then talked to HR and told them the paperwork was submitted. They said someone would contact him.

27. HR never contacted Mr. Morgan back.

28. On August 15, 2022, Mr. Morgan received a termination letter in the mail.

29. As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION

**COUNT I**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES**
**ACT DISCRIMINATION**
**(42 U.S.C.A. § 12101 et**
**seq)**

4

30. Mr. Morgan incorporates the preceding paragraphs as if fully set forth at length herein.

31. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

32. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

33. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

34. At all times material hereto, Mr. Morgan had a qualified disability, as described above.

35. Mr. Morgan's disabilities included two broken legs.

36. Plaintiff's disability substantially limited one or more of his major life activities, including, caring for himself, sleeping, concentrating, thinking and working.

37. As set forth above, Plaintiff engaged in protected activity when he requested accommodations for his disability, including additional time off to allow his doctor to complete his return to work paperwork.

38. Defendant failed to engage in the interactive process after Plaintiff told Defendant he needed medical accommodations.

39. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

40. Defendant's reasons for Plaintiff's termination were pretextual.

41.     As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

42.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

43.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

44.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

## COUNT II
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
## (42 U.S.C.A. § 12101 et seq)

45.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

46.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based his exercising his rights under the Americans with Disabilities Act.

47.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

48. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

49. As set forth above, Plaintiff engaged in protected activity when he requested accommodations for his disability, including additional time off to allow his doctor to complete his return to work paperwork.

50. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

51. Defendant's reasons for Plaintiff's termination were pretextual.

52. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

53. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

54. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

55. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

**COUNT III**
**VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT**
**DISABILITY DISCRIMINATION**

**(43 P.S. § 951, et seq.)**

56. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

57. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee as a result of that employee's disability.

58. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

59. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

60. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

61. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

62. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**COUNT IV**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**RETALIATION**
**(43 P.S. § 951, et. seq.)**

63. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

64. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

65. Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

66. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

67. Defendant's termination of Plaintiff's employment constituted retaliation for engaging in the protected activity of his requesting time off for his disability and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

68. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

69. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT V
## VIOLATION OF FMLA
## RETALIATION
## (29 U.S.C. §2601 et seq.)

70. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

71. As set forth above, Plaintiff was entitled to and qualified for medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

72. Defendant's motivation in terminating Plaintiff's employment was based, in part, upon his taking permissible FMLA leave.

73. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

74. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

75. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys' fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Grady Morgan, demands judgment in his favor and against the Defendant in an amount in excess of $150,000.00 together with:

A. Reinstatement of position with a comparable salary and benefits including, medical, vacation and sick time, in addition to any other associated employee benefits to which she may be entitled.

B. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

C. Punitive damages;

D. Attorney's fees and costs of suit;

E. Reimbursement for medical bills;

F. Interest, delay damages; and,

G. Any other further relief this Court deems just proper and equitable.

Date: August 31, 2023          **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: */s/ Mary LeMieux-Fillery*
**MARY LEMIEUX-FILLERY, ESQUIRE**
**(Pa Id. No.: 312785)**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel.: (267) 546-0132
Fax: (215) 944-6124
Email: maryf@ericshore.com
*Attorneys for Plaintiff, Grady Morgan*

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

_____                    _____
(Date Signed)                                                                  Grady Morgan